NOT FOR PUBLICATION                                                                                              (Docket No. 8)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
MICHAEL BROWN and                              :
JEANETTE BROWN,                                 :
:
              Plaintiffs,             :        Civil No. 08-3464 (RBK)
:
     v.                                                      :
:        **OPINION**
TOWNSHIP OF BERLIN POLICE           :
DEPARTMENT, et al,                             :
:
             Defendants.           :
_____:

**KUGLER**, United States District Judge:

      This matter having come before the Court on a motion by Defendant, the Attorney General of the State of New Jersey ("Attorney General"), to dismiss Plaintiffs', Michael Brown and Jeanette Brown (collectively "Plaintiffs"), claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons expressed herein, Defendant's motion to dismiss will be granted.

**I.     BACKGROUND**

      Plaintiffs allege that Township of Berlin Police Department officers, responding to an emergency at Plaintiffs' home on or about July 18, 2006, committed tortious acts against Plaintiffs and violated Plaintiffs' rights. Allegedly, the officers harassed Plaintiffs and Plaintiffs' two daughters and obstructed emergency personnel in their efforts to provide emergency care to

1

Plaintiff Mr. Brown.  On July 14, 2008, Plaintiffs brought suit against Berlin Township, as well as the Attorney General on the theory that she had jurisdiction over the Berlin Police Department and responsibility over its employees.  The Attorney General moved to dismiss the state claims against her because of Plaintiffs' failure to meet the requirements of the New Jersey Tort Claims Act, N.J.S.A. 59:8-8, and to dismiss the federal claims against her because such claims are barred under principals of sovereign immunity.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citation omitted)

## III.    DISCUSSION

Plaintiffs' Complaint does not specify whether Plaintiffs allege state law claims against any Defendants nor what claims Plaintiffs allege against the Attorney General.  Given the Court's reading of the Complaint as well as Plaintiffs' failure to oppose the instant motion, the Court will infer that Plaintiffs allege both state and federal claims against the Attorney General.

### A.    State Claims

The Attorney General proffers that Plaintiffs cannot sustain any state law tort claims

against her because Plaintiffs did not file pre-suit notification of their claims.

New Jersey law requires that any Plaintiff bringing a tort suit against a public entity or public employee file a pre-suit notification of the claim in writing and within 90 days of the accrual of the action or else be "forever barred" from asserting that cause of action. N.J.S.A. 59:8-8; Velez v. City of Jersey City, 817 A.2d 409, 417 (N.J. Super. Ct. App. Div. 2003). A plaintiff's complaint itself does not satisfy the pre-suit notification requirement. Guzman v. City of Perth Amboy, 518 A.2d 758, 760 (N.J. Super. Ct. App. Div. 1986). A court may extend the 90 day deadline for filing pre-suit notification to as long as one year after the action accrues if the court determines that for sufficient reasons, constituting extraordinary circumstances, a plaintiff failed to meet the requirements of the statute. N.J.S.A. 59:8-9. A claimant is also barred from recovering if two years have elapsed since the accrual of the claim. Id. A tort claim generally accrues on the date the tort is committed. Beauchamp v. Amedio, 751 A.2d 1047, 1050 (N.J. 2000). The Attorney General moves to dismiss any state tort claims against her due to Plaintiffs' failure to comply with the requirements of the Tort Claims Act.

Plaintiffs failed to serve the Attorney General with pre-suit notice of any tort claims against her. Moreover, when Defendants moved to dismiss the Complaint as against her on these grounds, Plaintiffs did not file a brief in opposition to the motion to dismiss raising any factual dispute as to whether Plaintiffs indeed filed pre-suit notification or a request for permission to extend the deadline to file same. Plaintiffs did not seek permission from this Court to file a late notice of claim within a year from the date of the accrual of the action in July 2006. Therefore, the Court will grant the Attorney General's motion to dismiss any state law claims against her because Plaintiffs failed to comply with the pre-suit notification requirement of the New Jersey

Tort Claims Act.

    **B.    Federal Claims**

The Attorney General proffers that Plaintiffs cannot sustain a claim against her under 42 U.S.C. § 1983 because a suit against her in an official capacity is effectively a suit against the state, which is barred by sovereign immunity.

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A suit against a state official in her official capacity is a suit against her office, and therefore amounts to a suit against the state itself. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). A state, nor its officials acting in their official capacities, are "persons" subject to suit under § 1983. Id.

Plaintiffs' Complaint may allege that the Attorney General violated 42 U.S.C. § 1983. Because such a suit is not permitted, the Court will grant the Attorney General's motion to dismiss any § 1983 claims against her because she is not subject to such suits in her official capacity. Because the Court will grant the Attorney General's motion to dismiss the § 1983 claims, the Court need not consider the Attorney General's defense that her lack of personal involvement also precludes such claims against her.

**IV.    CONCLUSION**

For the foregoing reasons, the Attorney General's motion to dismiss all state and federal

claims against her in Plaintiffs' Complaint is GRANTED.  The accompanying Order shall issue today.

Dated:   11-25-08                                                                         /s/ Robert B. Kugler            
                                                                                ROBERT B. KUGLER
                                                                                United States District Judge