[Doc. No. 42]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL BROWN and JEANETTE BROWN, h/w,<br><br>    Plaintiffs,<br><br>  v.<br><br>TOWNSHIP OF BERLIN POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Civil No. 08-3464 (RBK/AMD) |

**ORDER**

This matter comes before the Court by way of motion [Doc. No. 42] of Plaintiffs Pro Se, Michael Brown and Jeanette Brown, requesting that the Court "execute a written order" directing the United States Marshal to act as a process server on behalf of Plaintiffs "with regards to [subpoenas] for documentation and/or witnesses to testify for depositions and/or trial proceedings." The Court has considered Plaintiffs' submission, and has decided this matter pursuant to FED. R. CIV. P. 78. For the reasons that follow, Plaintiffs' motion for service of process is denied without prejudice.

The background of this case is set forth in the District Court's Opinion dated November 25, 2008 and shall not be recounted herein. In the motion presently before the Court, Plaintiffs seek an Order requiring the United States Marshals Service to serve

subpoenas "for documentation and/or witnesses to testify for depositions and/or trial proceedings." (Mot. to Request Court to Execute Written Order - Purpose of Process Server for Pls. [Doc. No. 42].) Although a court order is not generally required for service of a subpoena, see Advisory Committee Notes to 1946 Amendment of Rule 45, for persons proceeding in forma pauperis the United States Marshals Service is responsible for service. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."). Thus, the Court may "review indigent parties' subpoenae duces tecum before service and . . . order the Marshals Service to reject service requests in certain circumstances." Jackson v. Brinker, No. IP 91-471-C, 1992 WL 404537, at *5 (S.D. Ind. Dec. 21, 1992). "If a court finds that an indigent's subpoenae duces tecum directed to a non-party is frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process, the court may relieve the Marshals Service of its duty" under 28 U.S.C. § 1915(d) to serve the subpoenas. Id. at *7.

In this case, the Court is unable to determine at this time whether the United States Marshals Service should be directed to serve subpoenas on behalf of Plaintiffs. Plaintiffs have not attached to the present motion copies of the subpoenas for which

they seek service by the United States Marshals Service.[1]  Further, Plaintiffs fail to identify those individuals or entities who are to be served with subpoenas, and they do not specify whether the subpoenas are for production of documents, deposition testimony, or trial testimony.  Nor do Plaintiffs set forth the topics of information sought pursuant to the subpoenas.  Accordingly, Plaintiffs' motion for service of subpoenas is denied, without prejudice to Plaintiffs' right to file a renewed motion attaching the subpoenas that they seek to have served.

CONSEQUENTLY, for the reasons set forth above and for good cause shown:

IT IS on this 23rd day of November 2009,

**ORDERED** that Plaintiffs' motion [Doc. No. 42] for an Order directing the United States Marshals Service to serve subpoenas,

---

1. Under FED. R. CIV. P. 45, a party seeking to serve a subpoena may request a blank, signed subpoena from the clerk of the court. FED. R. CIV. P. 45(a)(3).  The party requesting the subpoena then completes the subpoena before service.  Id.  The subpoena must:

> (i) state the court from which it issued;
> (ii) state the title of the action, the court in which it is pending, and its civil-action number; (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and (iv) set out the text of Rule 45(c) and (d).

FED. R. CIV. P. 45(a)(1)(A).

shall be, and is hereby, **DENIED WITHOUT PREJUDICE**.

```
                              s/ Ann Marie Donio
                              ANN MARIE DONIO
                              UNITED STATES MAGISTRATE JUDGE
```

cc: Hon. Robert B. Kugler