NOT FOR PUBLICATION                                                  (Doc. No. 80)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| MICHAEL BROWN, and JEANETTE BROWN, h/w, | : <br> : <br> : |
| Plaintiffs, | : Civil No. 08-3464 (RBK/AMD) |
| v. | : **OPINION** |
| TOWNSHIP OF BERLIN POLICE DEPARTMENT, et al., | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

Before the Court is Defendant Township of Berlin Police Department's (the "Police Department") motion to dismiss Plaintiffs' Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Complaint asserts claims against the Police Department pursuant to 42 U.S.C. § 1983, which prohibits "any person" from acting "under color of any statute, ordinance, regulation, custom or usage" so as to deprive individuals of their legal rights. The Police Department moves to dismiss the Complaint on the basis that it is not a "person" within the meaning of Section 1983. Because, as a matter of law, police departments are not "persons" subject to suit under 42 U.S.C. § 1983, the Court grants the Police Department's motion. See PBA Local No. 38 v. Woodbridge Police Dep't, 832 F. Supp. 808, 825-26 (D.N.J. 1993).

1

## I. BACKGROUND

### A. Plaintiffs' Allegations

Plaintiffs allege that in July 2006, Ms. Brown called 9-1-1 from Plaintiffs' residence on behalf of her husband, who was in need of emergency care. Two police officers from the Police Department responded to Ms. Brown's call. Plaintiffs' claim that the officers did not provide Mr. Brown with necessary emergency medical assistance, but instead harassed him and his family and accused them of having illegal drugs on the premises. Plaintiffs also claim that the police officers obstructed other emergency personnel from providing Mr. Brown with necessary emergency care.

Plaintiffs assert claims under 42 U.S.C. § 1983 for violations of their civil rights. They seek money damages for physical injuries, pain and suffering, medical expenses, and lost wages. They also seek punitive damages and costs of suit. Plaintiffs represent themselves in this matter.

### B. Procedural History

Plaintiffs filed their Complaint in July 2008. They originally sued the Police Department as well as the Attorney General of the State of New Jersey and various unnamed persons and corporations. The Attorney General did not file an Answer, but timely moved to dismiss the claims against her. This Court granted the Attorney General's motion in November 2008. (Opinion dated November 25, 2008, Doc. No. 8). In August 2009, Plaintiffs made a motion for leave to amend their Complaint. Plaintiffs' proposed Amended Complaint sought to add two new named defendants, Edwin Gramley and Wayne Bonfiglio, who presumably were the two police officers that responded to Ms. Brown's emergency call. However, the proposed Amended Complaint did not add any factual allegations regarding Gramley or Bonfiglio. The proposed Amended Complaint also included a third cause of action alleging that, since Plaintiffs

commenced this action, the Police Department stationed two police vehicles "directly adjacent to Plaintiffs' home with the intent to cause further emotional distress to Plaintiffs." Plaintiffs also alleged in their proposed Amended Complaint that Police Department vehicles followed them on local roadways "at an extreme proximity" with "the intent to cause further emotional distress to occupants of Plaintiffs' vehicle."

In January 2010, Magistrate Judge Donio denied Plaintiffs' motion for leave to amend their Complaint, but granted Plaintiffs twenty days to renew their motion. (Order dated January 26, 2010, Doc. No. 65). In February 2010, Plaintiffs renewed their motion to amend their Complaint. This time, Plaintiffs' proposed Amended Complaint did not name Gramley or Bonfiglio as Defendants. Plaintiffs did, however, include specific factual allegations regarding misconduct by the two unnamed police officers that allegedly responded to Ms. Brown's 9-1-1 call. In April 2010, Judge Donio denied Plaintiffs' renewed motion to amend their Complaint on the grounds that the proposed amendments were futile. (Order dated April 13, 2010, Doc. No. 78). Thus, the Police Department is the only named Defendant remaining in this action. The Police Department now moves to dismiss Plaintiffs' Complaint.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. On a motion to dismiss pursuant to Rule 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). When applying that standard, a court must engage in a two-part analysis. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). First, the court must separate factual allegations from

legal conclusions. Id. at 1949. Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950.

**III.   DISCUSSION**

The Police Department argues that Plaintiffs' claims against it should be dismissed because, as a matter of law, it is not a "person" within the meaning of 42 U.S.C. § 1983. Plaintiffs respond by citing Monell v. Dept. of Soc. Serv. of N.Y., 436 U.S. 658 (1978), for the proposition that local governments are "persons" subject to suit for damages under Section 1983.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Principles of sovereign immunity dictate that neither a state nor its officials acting in their official capacities are "persons" subject to suit for monetary damages under Section 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Nevertheless, as Plaintiffs correctly note, a municipality may, under certain circumstances, be subject to suit pursuant to Section 1983. See Monell, 436 U.S. at 694 (holding that local government can be sued "when execution of a [local] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury"). However, local police departments may not be sued under the rule set out in Monell. See Hohsfield v. Twp. of Manchester, No. 09-5377, 2010 U.S. Dist. LEXIS 96230, *15-17 (D.N.J. Sept. 14, 2010) ("a police department is not a "person" that may be found liable under § 1983

pursuant to Monell . . . ."); Petaway v. City of New Haven Police Dep't, 541 F. Supp. 2d 504, 510 (D. Conn. 2008). This is because, unlike local municipalities, local police departments are not independent legal entities. See Petaway, 541 F. Supp. 2d at 510. Rather, they are "a sub-unit, agency or instrumentality of the municipality through which the municipality fulfills its policing function." Id.; see PBA Local No. 38 v. Woodbridge Police Dep't, 832 F. Supp. 808, 825-26 (D.N.J. 1993). As such, they are not subject to suit as "persons" under Section 1983. See Carter v. Matos, No. 09-5503, 2010 U.S. Dist. LEXIS 82598, *9 (D.N.J. Aug. 10, 2010) (dismissing Section 1983 claim against local police department); PBA Local No. 38, 832 F. Supp. at 825-26 (same); Stokes v. Brunswick, No. 09-5470, 2010 U.S. Dist. LEXIS 66816, *9 (D.N.J. July 6, 2010) (same).

Applying these principles, Plaintiffs' Complaint against the Police Department must be dismissed. The Police Department is not a "person" subject to suit under Section 1983 and, as a matter of law, Monell is inapplicable to Plaintiffs' claims.

**IV.  CONCLUSION**

For the reasons discussed above, the Police Department's motion to dismiss Plaintiffs' Complaint is granted. An appropriate Order shall be entered.


Dated: 10/20/10                                                         /s/ Robert B. Kugler
                                                                                                Robert B. Kugler
                                                                                                United States District Judge